RECEIVED   UNITED STATES DISTRICT COURT
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK   WESTERN DISTRICT OF LOUISIANA
3 / 6 / 15
4JT   ALEXANDRIA DIVISION


FLOYD EDWARDS,                          CIVIL ACTION
          Petitioner                    NO. 1:14-CV-03148

VERSUS

U.S. ATTORNEY GENERAL ERIC              JUDGE DEE D. DRELL
H. HOLDER, JR.,                         MAGISTRATE JUDGE JAMES D. KIRK
          Respondent


REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE


     Before the court is an application for a writ of habeas corpus
filed on October 29, 2014 pursuant to 28 U.S.C. § 2241 by petitioner
Floyd Edwards ("Edwards").   Edwards, born in 1962, alleges he is
a native of the Marshall Islands which, he contends, were part of
the "Trust Territory of the Pacific Islands and were under the
stewardship of the United States of America" in 1962 (Doc. 1).

     On January 30, 2012, an Immigration Judge ordered that Edwards
be removed from the United States as an illegal alien (Doc. 14,
Ex.).   On June 29, 2012, the Board of Immigration Appeals vacated
that decision and remanded the case for a determination of Edwards'
citizenship status (Doc. 14, Ex.).   On August 31, 2012, an

Immigration Judge found that Edwards is not a citizen or national of the United States (Doc. 14, Ex.).  On January 24, 2013, the Board of Immigration Appeals affirmed the Immigration Judge's ruling and order of removal (Doc. 14, Ex.).  Edwards then filed this action.

Edwards contends he is seeking "judicial clarification" of his status as a United States national and a citizen of the United States.  Edwards contends he acquired U.S. national status at birth and, therefore, is not an alien residing in the United States, ICE lacks jurisdiction over him.[1]  Edwards also asks for immediate release from unlawful custody by ICE.  Edwards is currently confined in the LaSalle Detention Center in Trout,

---

[1] See Sabangan v. Powell, 375 F.3d 818 (9th Cir. 2004).
Also, De Mesa v. Castro, 844 F.2d 642, 644 (9th Cir. 1988):
    "Of key significance is the 'Covenant to Establish a
    Commonwealth of the Northern Mariana Islands in
    Political Union with the United States of America.' The
    Covenant was approved by Congress in 1976 and by the
    people of the Northern Marianas by plebiscite. Section
    301 of the Covenant, which is effective upon
    termination of United States trusteeship over the
    Marianas, provides that upon such termination,
    citizens of the Northern Marianas and persons who 'have
    been domiciled continuously in the Northern Mariana
    Islands beginning prior to January 1, 1974,' will be
    citizens of the United States. FN1 Section 304 of the
    Covenant granted all the privileges and immunities of
    citizens of the United States to citizens of the
    Northern Marianas during the interim."

Louisiana.   Edwards also filed a motion for "stay of removal" (Doc. 3) which is now before this court.

## Law and Analysis

The issue before the court is whether the district court has jurisdiction over this case or whether it should be transferred to the Fifth Circuit Court of Appeals.

The Real ID Act deprives the district courts of habeas jurisdiction to review orders of removal, 8 U.S.C. § 1252(a)(5), and further provides that habeas cases "challenging a final administrative order of removal" shall be transferred to the courts of appeals to be treated as petitions for judicial review, Real ID Act, § 106(c).  However, the REAL-ID Act's jurisdiction-stripping provisions do not remove federal habeas jurisdiction over petitions that do not directly challenge a final order of removal. Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006).  Also, Trinidad y Garcia v. Thomas, 683 F.3d 952, (9th Cir. 2012).

In the case at bar, Edwards distinguishes his citizenship claim from his removal proceedings by stating that he is not challenging his removal proceedings or order, and only claims he is a citizen or national of the United States.  However, Edwards' citizenship claim clearly arose in his removal proceedings, when he asserted citizenship as a defense to removal as an illegal

3

alien.

In Ortega v. Holder, 592 F.3d 7th Cir. 738, 744 (7th Cir. 2010), the Seventh Circuit Court of Appeals explained that the proceedings for declaration of United States nationality set forth in 8 U.S.C. § 1503(a)(1),[2] when read within the context of § 1503(a) and in conjunction with related provisions of Title 8, make it clear that Congress intended individuals to pursue one of two

---

[2] 8 U.S.C. § 1503. Denial of rights and privileges as national-
(a) Proceedings for declaration of United States nationality
        If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

routes to establish claims for nationality. The _Ortega_ court further states that, generally, a person may file an administrative application for a certificate of citizenship, which, if denied, could be pursued by way of an action under 8 U.S.C. § 1503(a), _but if the question of nationality first arises in the context of a removal proceeding, the person must pursue his claims through those proceedings_, culminating either with a declaration or denial of nationality.

The Fifth Circuit has held that, where a citizenship issue arises in a removal proceeding and a petition for writ of habeas corpus is filed challenging the citizenship findings of the Immigration and Customs Enforcement, the citizenship claim must be reviewed de novo because it is an essential jurisdictional fact. _Joseph v. Holder_, 720 F.3d 228, 229 (5th Cir. 2013), and cases cited therein.  The Fifth Circuit further explained that, pursuant to 8 U.S.C. § 1252(b)(5), if a petitioner's citizenship claim presents a genuine issue of material fact, the proceeding is transferred to the district court; if not, the Fifth Circuit decides the claim itself.

Since, pursuant to 8 U.S.C. 1252(a)(5), a habeas petition for review of a removal order must be filed in the appropriate court of appeals, the Fifth Circuit Court of Appeals will decide whether

5

it or the district court will review the citizenship issue in this case. Accordingly, Edwards' case must be transferred to the Fifth Circuit Court of Appeals.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Edwards' habeas petition be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 5th

day of March 2015.


JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE