U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 4 2015

TONY R. MOORE, CLERK
BY _____
        DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| FLOYD EDWARDS | CIVIL ACTION NO. 14-3148 |
| versus | JUDGE TOM STAGG |
| U.S. ATTORNEY GENERAL ERIC H. HOLDER, JR. | MAGISTRATE JAMES D. KIRK |

## MEMORANDUM RULING

Before the court are objections filed by the government to the Magistrate Judge's Report and Recommendation in the above-captioned matter. See Record Document 17. The Report and Recommendation addressed a petition for a writ of habeas corpus filed by Floyd Edwards ("Edwards") and recommended that Edwards's habeas petition be transferred to the United States Court of Appeals for the Fifth Circuit. See Record Document 16. The government objects to this recommendation and requests instead that the writ be denied and dismissed. See Record Document 17. Having reviewed the record before the court, the Magistrate Judge's Report and Recommendation, and the applicable law, the court **ADOPTS IN PART AND REJECTS IN PART** the Magistrate Judge's Report and Recommendation, and **DISMISSES** Edwards's habeas petition.

## I. BACKGROUND

Edwards alleges that he is a native of the Marshall Islands. He asserts that the Marshall Islands were part of the "Trust Territory of the Pacific Islands and were under the stewardship of the United States of America" in 1962, when he was born. See Record Document 1. On January 30, 2012, an Immigration Judge ordered that Edwards be removed from the United States as an illegal alien. See Record Document 14. On June 29, 2012, the Board of Immigration Appeals vacated that decision and remanded the case for a determination of Edwards's citizenship status. See id. On August 31, 2012, an Immigration Judge found that Edwards is not a citizen or national of the United States. See id. On January 24, 2013, the Board of Immigration Appeals affirmed the Immigration Judge's ruling and order of removal See id.

Thereafter, Edwards filed the instant petition, asserting that he is seeking "judicial clarification" of his status as a United States national and citizen of the United States. In his Report and Recommendation, the magistrate judge framed the issue before the court as "whether the district court has jurisdiction over this case or whether it should be transferred to the Fifth Circuit Court of Appeals." Record Document 16 at 3. The magistrate judge cited the REAL ID Act, which deprives district courts of habeas jurisdiction to review orders of removal and further provides

that habeas cases "challenging a final administrative order of removal" shall be transferred to the court of appeals to be treated as petitions for judicial review. 8 U.S.C. § 1252(a)(5) and REAL ID Act of 2005 § 106(c). Citing Ortega v. Holder, 592 F.3d 738, 744 (7th Cir. 2010) and Joseph v. Holder, 720 F.3d 228, 229 (5th Cir. 2013), the magistrate judge concluded that Edwards's petition fell under these provisions and, thus, "the Fifth Circuit Court of Appeals will decide whether it or the district court will review the citizenship issue in this case." Record Document 16 at 5-6. This court agrees with and **ADOPTS** Judge Kirk's characterization of the facts and petition in this case, but, for the reasons stated herein, the court **ADOPTS IN PART AND REJECTS IN PART** his analysis and recommendation.

## II. LAW AND ANALYSIS

The REAL ID Act, which became effective on May 11, 2005, provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act." 8 U.S.C. § 1252(a)(5). The Act "stripped the district courts of jurisdiction over § 2241 petitions attacking removal orders." See Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733, 735-36 (5th Cir. 2005). "The Act specifies that a habeas petition pending before a district court as of the REAL ID Act's effective date is to be

transferred to the appropriate court of appeals and converted into a petition for review." See Hernandez-Castillo v. Moore, 436 F.3d 516, 518 (5th Cir. 2006) (citing Pub. L. No. 109-13, 199 Stat. 231, 311, § 106(c)).

In a similar case before the Western District of Louisiana, the district court had transferred a habeas petition that challenged the validity of a final order of removal to the Fifth Circuit. See Marbephar O. Hammed v. Eric H. Holder, Jr., U.S. Attorney General, 13-60506 (5th Cir. November 8, 2013). The Hammed court noted that the district court "correctly concluded that the REAL ID Act of 2005 granted exclusive judicial review of orders of removal to the courts of appeals." Hammed at 1. The court further noted, however, that "under the REAL ID Act, the district court was to transfer § 2241 petitions challenging final orders of removal, deportation, or exclusion that were pending on the date of the Act's enactment (May 11, 2005)." Id. at 1-2 (emphasis added). Therefore, the Fifth Circuit concluded that since Hammed's petition was not filed until 2012, the district court was not authorized to transfer it. The Fifth Circuit then dismissed Hammed's petition.

This court **DECLINES** to adopt the analysis of the Report and Recommendation to the extent that it recommends that the petition be transferred to the Fifth Circuit. Edwards's petition was not pending on the date of the REAL ID Act. Therefore, this court concludes that, Edwards's petition should be dismissed.

## III. CONCLUSION

This court agrees with and **ADOPTS** the magistrate judge's characterization of the facts in this case. The court **REJECTS** the analysis and recommendation contained within the Report and Recommendation to the extent that it finds that the petition should be transferred to the Fifth Circuit Court of Appeals.[1] Instead, based on the foregoing, Edwards's petition is **DISMISSED** for lack of jurisdiction.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 4th day of May ~~April~~, 2015.

_____
JUDGE TOM STAGG

---

[1] The remainder of the analysis contained in the Report and Recommendation is **ADOPTED**.